# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| Kal Kenfield,<br><br>        Plaintiff,<br>  vs.<br><br>DAVID BERKEBILE, Warden of the Crossroads Correctional Center, BRANDY SHERRARD, Classification Coordinator, CAMILLE WANDLER, Unit Manager, TIMOTHY ALLRED, Board of Pardons and Parole, Officer BURDITT, Institutional Probation and Parole Office, MIKE BATISTA, Director of the Department of Corrections; KARI KINTON, D.O.C., Contract Manager, STATE OF MONTANA, et al.,<br><br>        Defendants. | CV 15-48-GF-BMM<br><br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

## I. SYNOPSIS

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 16, 2015. (Doc. 1). Plaintiffs Jeremiah Worm, Kal Kenfield, Jeremy Seminole, and Thomas Mascarena filed no objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-

1

52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Business Machines Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## II. BACKGROUND

Plaintiffs Jeremiah Worm, Karl Kenfield, Jeremy Seminole, and Thomas Mascarena signed and filed a joint motion to proceed without paying the filing fee, a proposed complaint, and a proposed order for a preliminary injunction and temporary restraining order on April 9, 2015. (Docs. 1, 2, 2-1, 3). Plaintiffs allege that they were wrongfully denied eligibility for pre-release programs by the Crossroads Institutional Screening Committee. *Id*. Plaintiffs are inmates at the Crossroads Correctional Center and they proceed without counsel. *Id*.

Judge Johnston denied without prejudice the Plaintiffs' motion to proceed in forma pauperis. (Doc. 1). Judge Johnston also ordered that Worm proceed as the sole plaintiff in CR-15-31-GF-BMM-JTJ. *Id*. Judge Johnston terminated Kenfield, Seminole, and Mascarena as plaintiffs in CR-15-31-GF-BMM-JTJ, and severed their claims. The Clerk of Court opened separate prisoner civil rights actions for Kenfield in CR-15-48-GF-BMM-JTJ, Seminole in CR-15-49-GF-BMM-JTJ, and Mascarena in CR-15-50-GF-BMM-JTJ. *Id*.

Judge Johnston recommends that the Court deny Plaintiffs' request for class certification. Judge Johnston also recommends that the Court deny the Plaintiffs'

request for a temporary restraining order and preliminary injunction. Judge Johnston further recommends that defendant State of Montana should be dismissed from this action.

### III.ANALYSIS

The Court finds no clear error and Judge Johnston's Findings and Recommendations, and adopts them in full. Denial of Plaintiffs' request to proceed as a class action, and their request for injunctive relief and temporary restraining order is proper. Dismissal of defendant State of Montana also is appropriate.

Plaintiffs request that this case continue as a class action. (Doc. 2). Plaintiffs proceed without counsel. *Id*. Pro se plaintiffs generally may not pursue claims on behalf of others in a representative capacity. *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiffs cannot pursue this matter as a class action.

Plaintiffs name as a defendant the State of Montana. The Eleventh Amendment bars suit in federal court against a state, state agency, or state official sued in his or her official capacity for money damages absent a valid Congressional abrogation of immunity or express waiver by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997). The State of Montana has not waived immunity for tort claims brought in federal court. *See* Mont. Code Ann. § 2-9-101 et seq. Plaintiffs' claims against the State of Montana are barred.

The Court construes Plaintiffs' proposed order for a preliminary injunction as a motion requesting such relief. (Doc. 2-1). A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiffs allege violations of state law that do not qualify as claims under 18 U.S.C. §1983. Plaintiffs do not appear to have raised a federal question sufficient to invoke this Court's subject matter jurisdiction. Plaintiffs fail to establish that they are likely to succeed on the merits of their claims. Plaintiffs also fail to demonstrate irreparable harm based on the fact that none of the Plaintiffs' applications for pre-release remain pending. Plaintiffs do not qualify for injunctive relief.

The Court construes Plaintiffs' proposed order for a temporary restraining order as a motion requesting such relief. (Doc. 2-1). The Court may grant a temporary restraining order without notice to the adverse party pursuant to Fed. R. Civ. P. 65, if (1) it appears clearly from the facts shown that immediate and irreparable, injury, loss, or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and if (2) the pro se applicant certifies in writing the efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R.

Civ. P. 65(b). Plaintiffs have failed to satisfy either of Rule 65(b)'s requirements. Plaintiffs likewise do not qualify for a temporary restraining order.

### IV. CONCLUSION

Plaintiffs are prohibited from pursuing this claim as a class action based on their pro se status. Plaintiffs fail to meet the requirements for preliminary injunction or a temporary restraining order. The Eleventh Amendment bars Plaintiffs' claims against the State of Montana.

**IT IS HEREBY ORDERED**:

1. Judge Johnston's Findings and Recommendations (Doc. 1) is ADOPTED IN FULL.

2. Plaintiffs' request for class certification is DENIED.

3. Plaintiffs' request for a temporary restraining order and preliminary injunction is DENIED.

DATED this 6th day of July, 2015.

_/s/ Brian Morris_
Brian Morris
United States District Court Judge